State *v.* Smith.

---

STATE OF MAINE *vs.* WILLIAM SMITH.

*Pleading.*

R. S., c. 27, § 20, gives one moiety of the penalty imposed upon the offence there specified to the complainant and the other to the county, where it was committed, and provides that the prosecution may be by complaint or by indictment.    The respondent in this case was indicted and convicted; and the conviction sustained although the indictment named no person as complainant.

Where the proceeding is by indictment, no private prosecutor being named, the whole fine goes to the county.

ON EXCEPTIONS.

INDICTMENT, presenting that the respondent, "on the eighth day of May, A. D., 1873, at a plantation called Highland, &c., did

travel from place to place in said Highland, and did then and there represent himself to one Joshua R. Howard, of said Highland, to be the agent of James Patten & Company, of said Boston, for the purpose of procuring orders for the sale of intoxicating liquors, and did then and there obtain of the said Joshua R. Howard an order on said James Patten & Company for the sale of a quantity of intoxicating liquors, to wit: four and three-fourths gallons of Medford Rum, which said liquors were afterwards, to wit, on the tenth day of June, A. D., 1873, sent to said Joshua R. Howard on said order so obtained against the peace," &c., &c.

There was a second count, but at the suggestion of the court a *nol pros* was entered as to that before the case was submitted to the jury. A verdict of guilty was returned. The respondent moved in arrest of judgment, because the mode of travel or conveyance was not alleged; because more than one offence was charged in the same count (relying upon a former decision relative to an indictment against the prisoner. *State* v. *Smith*, 61 Maine, 386;) and especially because it did not appear by the indictment, nor otherwise, who the complainant is, no name of any complainant being inserted in the indictment, nor upon the record; nor was it stated to whose use or benefit the penalty, if recovered, belongs, nor how it is to be appropriated, the state, in whose name alone the indictment was drawn, not having any interest in, or claim to, the fine or any part thereof. This motion was overruled and the respondent excepted.

*L. Clay* for the respondent.

The provision of the statute in question, R. S., c. 27, § 20, is that one-half of the fine shall go to the complainant and the other half to the county in which the offence is committed.

There is no complainant named, and no person or corporation to whom the fine when imposed would go; and no other punishment or penalty is provided by the statute for the offence, except the payment of a fine; no fine can be imposed, and no judgment in favor of the state can be rendered upon this indictment.

Upon the decision in the case of the *State* v. *Grand Trunk Railway Company,* 60 Maine, 145, and the authorities there cited, judgment must be arrested.

*S. J. Walton,* county attorney, for the state.

APPLETON, C. J. This is an indictment under R. S., c. 27, § 20, which provides that "no person shall travel from town to town or from place to place in any city, town or plantation in this state, on foot or by any kind of land or water, public or private conveyance whatever, carrying for sale or offering for sale, or offering to obtain or obtaining orders for the sale or delivery of any spirituous, intoxicating or fermented liquors, in any quantity, under a penalty of not less than twenty nor more than a hundred dollars, for each offer to take an order, and for each order taken, and for each sale so made, to be collected on complaint or by indictment before any court competent to try the same ; one-half of said fine to go to the complainant, and the other half to the county in which the offence is committed."

The indictment does not contain the name of any complainant, and for this cause the defendant after verdict has filed a motion in arrest of judgment.

The penalty provided by this section is to be recovered either by complaint or indictment. If by complaint, half goes to the complainant. If there be no complainant, the party violating the law is none the less guilty ; none the less liable to its punishment. The defendant by the verdict has violated the law and is liable to its penalty. It is no concern of his how the penalty is appropriated. He is in no way responsible hereafter for the disposition to be made of it when collected. Indeed it is not necessary to set forth the penalty, or how it should be appropriated. *State* v. *Cottle,* 15 Maine, 473. Where the statute inflicts a penalty partly to the use of the state and partly to that of an informer, the government may sue for the whole. *Com.* v. *Howard,* 13 Mass., 221.

If there had been a complaint made upon which judgment had

been rendered against the defendant that would have been a good bar to these proceedings. Where a statute creates a penalty and says that one moiety shall be to the use of the king, he may sue for the whole, unless a common informer has commenced a *qui tam* suit for the penalty. *King* v. *Hymen*, 7 D. & E., 536. He who first commences a *qui tam* suit acquires a right in the penalty which cannot be divested by a subsequent suit, though judgment be first recovered in the second suit. *Pike* v. *Madbury*, 12 N. H., 263. But in this case it is neither alleged nor proved that there has been any previous complaint, or that there is any danger that the defendant will be compelled to pay a double penalty.

The case of *State* v. *Grand Trunk Railway*, 60 Maine, 145, is inapplicable. There the forfeiture was wholly to the use of the widow or children, or heirs, and no part of it accrued to the state. There could be no forfeiture, if there were no one for whose benefit it was intended. In the case before us there is a penalty, which may be recovered, whether there is a complainant seeking for his moiety or not. If no complainant, the whole goes to the county ; but whatever becomes of it, the defendant has nothing to do with its disposition.  *Exceptions overruled.*

WALTON, DICKERSON, BARROWS and LIBBEY, JJ., concurred.

DANFORTH, J. I concur in the result. The county in any event is to receive one-half of the fine ; and, therefore, in the absence of a complainant, claiming the other half, may recover the whole. It is a corporation made certain by law, and requires no proof of identity, as matter of fact ; therefore its right to the forfeiture need not be averred in the indictment.